UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-248-S

SHY HEATH                                                                                              PLAINTIFF

v.

WILLIAM BROWN *et al.*                                                              DEFENDANTS


### MEMORANDUM OPINION AND ORDER

Plaintiff Shy Heath filed a *pro se* complaint (DN 1) and three amendments thereto (DNs

4, 8 & 9).  Because Plaintiff is proceeding *in forma pauperis*, this Court must review the

complaint and its amendments under 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114

F.3d 601, 608-09 (6th Cir. 1997).  Upon review, this Court must dismiss a case at any time if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28

U.S.C. § 1915(e)(2)(B).  Upon consideration of the complaints and its amendments, a portion of

the claims will be dismissed and a portion will proceed.

### I.

Seeking damages, Plaintiff Shy Heath filed a *pro se* complaint under 42 U.S.C. § 1983

and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging a conspiracy by

Metro Police and Probation and Parole Officers to conduct an illegal search of his home (DN 1).

As Defendants, he names Det. William Brown and Probation and Parole Officer Jeremy Mcgill.

In the amendments (DNs 4, 8 & 9), Plaintiff elaborates on facts, clarifies claims, and

names the following additional Defendants:  Sgt. Adam Houghton, Det. Jim Koufling, Det.

David Haight, Darrin Balthrop, Det. J. Ruoff, Det. R. Wilson, Det. C. Thompson, Officer Derek

Meeks, Officer N. Lilly, Det. D. Farron, Assistant Commonwealth Attorneys Sara Collins

Glowgower (a/k/a Sara E. Collins) and Felicia Numan, former prosecutor Mr. Glowgower, Attorney Mark Chandler, Police Chief Robert White, Louisville Metro Division of Police, City of Louisville, and Kentucky Probation and Parole.  Plaintiff more particularly claims that while he was on probation on June 28, 2007, Defendants, under the pretext of a home visit, entered his home unlawfully and placed him under arrest for violation of narcotics laws without probable cause.  Detectives left and then returned with a warrant and prosecutor Collins.  Plaintiff was then transported to Metro Corrections.  Charges were dismissed on November 14, 2008.  In addition to an illegal search, Plaintiff asserts claims of false arrest and imprisonment, malicious prosecution, a *Brady* violation, fabrication of evidence, and invasion of privacy.  He also specifies that Defendants are sued in their individual and official capacities.

## II.

### Claims against Metro Police

Louisville Metro Division of Police is not a "person" subject to suit under § 1983 because municipal departments are not suable under § 1983.  *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983).  Therefore, the claims against Metro Police must be dismissed.

### Official-capacity claims against municipal Defendants and all claims against the City of Louisville

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Plaintiff's official-capacity claims against the municipal Defendants, therefore, are actually

2

against Louisville Metro Government.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving

3

force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged that the municipal Defendants acted pursuant to a policy or custom in causing his alleged harm. As nothing in the complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Louisville Metro Government, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Accordingly, the official-capacity claims against the municipal Defendants and all claims against Louisville Metro Government will be dismissed.

### Official-capacity claims against state Defendants
### and all claims against Kentucky Probation and Parole

The official-capacity claims for damages will be dismissed on two bases. First, Kentucky Probation and Parole, as a state agency, and the state officials sued in their official capacities for damages are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered "persons" for the purpose of a § 1983 claim. *See Will*, 491 U.S. at 71. Consequently, the § 1983 official-capacity claims for damages against all state Defendants and all claims against Kentucky Probation and Parole will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

4

**Remaining claims**

The Court will allow Plaintiff's individual-capacity claims to proceed against Defendants Brown, Mcgill, Houghton, Koufling, Haight, Balthrop, Ruoff, Wilson, Thompson, Meeks, Lilly, Farron, Sara Collins Glowgower (a/k/a Sara E. Collins), Numan, Mr. Glowgower, Chandler, and White.  In permitting those claims to proceed, the Court passes no judgment on the ultimate outcome of the action.

The Court will enter a Scheduling Order governing the development of the continuing claims and a separate Order dismissing all other claims.

Date: August 3, 2009

**Charles R. Simpson III, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
        Jefferson County Attorney
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
        Attorney General, Commonwealth of Kentucky
 4411.005