UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SHY HEATH                                                                  PLAINTIFF

v.                                                     CIVIL ACTION NO. 3:08CV-248-S

WILLIAM BROWN *et al.*                                             DEFENDANTS

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Attorney Mark Chandler's motion to dismiss the individual-capacity claims against him (DN 17).[1] Plaintiff filed a response (DN 24) to which Defendant Chandler replied (DN ). This motion is ripe for review. For the reasons that follow, the motion to dismiss will be granted.

**I.**

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561

---

[1] The Court previously dismissed the official-capacity claims raised against Defendant Chandler. *See* DNs 11 & 13.

F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

## II.

Plaintiff does not mention Defendant Chandler in the complaint (DN 1) or in the first or second amendments to the complaint (DNs 4 & 8). He asserts claims against Defendant Chandler only in the third amendment (DN 9). Therein, Plaintiff claims:

> Malicious prosecution by, prosecutor, police, probation and parole, *attorney Mark Chandler*, Detective William Brown Et. Al.
>
> While acting under the colors and authority of the United States detective, prosecutors, probation and parole and *defends attorney* did conspire to violate plaintiff constitutional right.
>
> Claims of Brady violation:.[2] Official and individuals capacities Detective William Brown, Sergant Adam Houghton, Commonwealth attorney Sara E. Collins, Felicia Nu,man, *Defends attorney Mark Chandler*.[3]

---

[2] In *Brady v. Maryland*, 373 U.S. 83 (1963), "the Court held that 'the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'" *Moldowan v. City of Warren*, 578 F.3d 351, 376-77 (6th Cir. 2009) (quoting *Brady*, 373 U.S. at 87).

[3] In response to the motion to dismiss (DN 24), Plaintiff more specifically claims that Defendant Chandler committed a *Brady* violation, when "[o]n June 23, 2008, Mr. Chandler subpoenaed 12 Metro safe 911 calls on Oct 7, 2008. Evidence will show that Mr. Chandler withheld these calls." Plaintiff continues that "[i]f Mr. Chandler turned the 911 calls, affidavit 9-7-06 that was copied from the affidavit on 7-26-06 and false arrest citation over before 11-14-08, Mr. Heath would have never plead guilty."

(continued...)

2

Additionally, on the last page of the third amendment, Plaintiff lists Defendant Chandler along with other Defendants broadly claiming,

> The detective and others conspired to violate plaintiff constitutional right, 42 u.s.c. section 1983, first, fourth, fifth, fourteenth amendment constitutional rights, (Biven Act) Louisville Metro Police Department standard operating procedures Civilian riders are observers only and are prohibited observers only and are prohibited from taking police action of any kind. Prohibit the rider from accompanying him during the execution of a search warrant.

In his motion to dismiss, Defendant Chandler, the defense attorney who formerly represented Plaintiff in the criminal matter at issue, argues that Plaintiff has failed to state a claim against him as he is not a state actor; did not participate in the decision to prosecute Plaintiff; and, as defense counsel, could not commit a *Brady* violation. He additionally claims that the claims against him are barred by the statute of limitations.

## III.

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

It is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983. *Polk County v. Dodson*,

---

[3](...continued)
Instead, "[t]hese calls could've been used to impeach Detective William Brown and to test the truthfulness and reliability of this witness in testifying falsely that Mr. Heath life or liberty may depend on the same circumstantial evidence that convicted Bobby Blevins v. Commonwealth of Kentucky 07-cr-00024 is the same evidence that is against the lead Detective William Brown."

454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). While an exception exists if the defense attorney has engaged in a conspiracy with state officials to deprive another of federal rights, *see Tower v. Glover*, 467 U.S. 914, 920 (1984), "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff asserts that Defendant Chandler acted as his defense counsel in criminal proceedings. In the third amendment, Plaintiff alleges that Defendant Chandler "conspired to violate plaintiff constitutional right." This allegation, however, is broad and conclusory and lacks the degree of specificity required to state a conspiracy claim. In the response to the motion to dismiss, Plaintiff claims:

> Detective William Brown ET. al and other did conspire to violate plaintiff constitutional right, 42 U.S.C. section 1983 First, Fourth, Fifth and Fourteenth amendment constitutional rights. Bivens v. Six unknown Fed Narcotics Agents 403 U.S. 388 (1971). Mr. Chandler's withheld the last piece of the puzzle the 12 calls from the Metro safe 911 calls. . . . Mr. Chandler subpoenas the copies of recording of 911 or LMPD calls concerning complaints 2655 Dixdale on June 23, 2008 to July 2008. At [Plaintiff] Shy Heath request these calls were then withheld on November 14, 2008 coerhersted plaintiff into a plea to cover up for the Lead Detective.

These statements show only that Defendant Chandler withheld 911 recordings, apparently at the request of Plaintiff, which resulted in Plaintiff's plea. Plaintiff has not shown that there was a single plan, that the alleged conspirators shared in the general conspiratorial objective, and that

4

an overt act was committed in furtherance of the conspiracy that caused injury. *See Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985).

Finding that Plaintiff has failed to establish a conspiracy between Defendant Chandler and any other Defendant, the Court concludes that Defendant Chandler was not acting under color of state law in his representation of Plaintiff and is not liable under § 1983.

To the extent that Plaintiff is alleging a state-law claim of malicious prosecution against Defendant Chandler, "[t]here are six elements which must be established to prevail on a claim of malicious prosecution." *Broaddus v. Campbell*, 911 S.W.2d 281, 283 (Ky. Ct. App. 1995).

> (1) [T]he institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2) by, or at the instance, of the plaintiff, (3) the termination of such proceedings in defendant's favor,[4] (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damage as a result of the proceeding.

*Craycroft v. Pippin*, 245 S.W.3d 804, 805-06 (Ky. Ct. App. 2008) (quoting *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981)). Plaintiff has claimed no facts which, if proven, would demonstrate that Defendant Chandler made or was involved in making the decision to prosecute him. As a private defense counsel, Defendant Chandler does not have the legal authority to initiate a prosecution. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986) ("Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors."). Defendant Chandler is, therefore, entitled to dismissal as a matter of law.

---

[4]In the third amendment, Plaintiff alleges that "[o]n November 14, 2008 the charges were dismissed" against him (DN 9). In the response to the motion to dismiss, however, he claims that he entered a plea on November 14, 2008, in Case No. 06-CR-3366, and that, had he known of exculpatory evidence, he would not have given up his trial rights (DN 24). It is, therefore, unclear as to whether the proceedings were terminated in his favor. Notwithstanding this uncertainty, it is clear that Plaintiff has shown no participation by Defendant Chandler in the initiation of proceedings against him, and he fails to state a cognizable malicious-prosecution claim under state law.

## IV.

For the reasons set forth more fully above,

**IT IS ORDERED** that Defendant Chandler's motion to dismiss (DN 17) is **GRANTED**.

Plaintiff's claims against Defendant Chandler are **DISMISSED as a matter of law**.

Date:

cc: Plaintiff, *pro se*
    Counsel of Record
4411.005