UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SHY HEATH                                                          PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:08-CV-248-S

WILLIAM BROWN et al.                                       DEFENDANTS

## MEMORANDUM OPINION

Defendants William Brown, Jim Kaufling, David Haight, Darren Balthrop, Jeremy Ruoff, Rich Wilson, Dominique Fearen, and Chief Robert White have filed a motion to dismiss the complaint against them (DN 26). Plaintiff has responded, and Defendants have replied. The matter being ripe, the Court will grant Defendants' motion for the following reasons.

## I. FACTS

Plaintiff's complaint and amended complaints are difficult to follow in terms of the alleged facts of the case. Reading the complaint and amended complaints in conjunction with Defendants' motion to dismiss it appears that the following occurred: on June 28, 2007, a probation and parole visit occurred at Plaintiff's residence, and members of the Louisville Metro Police Department also were present. During the course of the visit, narcotics were found and a search warrant was obtained and executed on the same day. As a result of the home visit and search pursuant to the search warrant, Plaintiff was arrested and charged with trafficking in a controlled substance and illegal possession of drug paraphernalia. Plaintiff was indicted on those charges in case No. 07-CR-003324.

According to Defendants' motion to dismiss and attachments thereto, at the time the search warrant was executed, Plaintiff not only was on parole but also was under indictment in case No. 06-CR-3366. On November 14, 2008, Plaintiff pleaded guilty to the charges in case

No. 06-CR-3366. The charges against him in case No. 07-CR-003324 were dismissed on the same day.

Plaintiff's original complaint listed as grounds for filing suit 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Fourth Amendment, and conspiracy to violate his constitutional rights. In Plaintiff's amended complaints he asserts claims of false arrest and imprisonment, malicious prosecution, and violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments.

## II. ANALYSIS

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss for failure to state a claim upon which relief can be granted. In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's allegations as true. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Further, "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

In considering Defendants' motion to dismiss, the Court has considered those documents attached to it which are matters of public record. The examination of those records does not convert the motion to dismiss into one for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss

so long as they are referred to in the Complaint and are central to the claims contained therein.").

*First Amendment*

Under the First Amendment, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. CONST. amend. I. Plaintiff has failed to allege any facts stating a cognizable claim under the First Amendment.

*Fifth Amendment*

"The Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government." *Bybee v. City of Paducah*, 46 F. App'x 735, 737 (6th Cir. 2002) (citing *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977)). Because Plaintiff is challenging actions of state officials, the Due Process Clause of the Fourteenth Amendment, not the Fifth Amendment, applies.

*Bivens*

As Defendants properly point out, because they are state, not federal, employees, *Bivens* has no application here. *Yeager v. Gen. Motors Corp.*, 265 F.3d 389, 398 (6th Cir. 2001) ("A *Bivens* action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors.").

*Eighth Amendment*

"[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977). Because Plaintiff had not been

convicted and sentenced at the time of the alleged conduct in the complaint, the Eighth Amendment does not apply. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001).

*Failure to state a claim against Defendant White*

The complaint and amended complaints do not make any allegations with regard to Defendant White. "The Supreme Court has recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion." *CGH Transport Inc. v. Quebecor, World, Inc.*, 261 F. App'x 817, 819-20 (6th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Even drawing all reasonable inferences in favor of Plaintiff, *see Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), the complaint and amended complaints do not give Defendant White fair notice of what Plaintiff's claim against him is. The Court will dismiss the claims against Defendant White by separate Order.

*Statute of limitations*

The search, seizure of evidence, and arrest of Plaintiff occurred on June 28, 2007. The charges against him in case No. 07-CR-3324 were dismissed on November 14, 2008. The original complaint, which was filed on May 12, 2008, named as Defendants, among others, Robert White and "other police officers unaware of names." Defendants Kaufling, Haight, and Balthrop were not added as Defendants until September 2, 2008. Defendants Wilson, Ruoff, and Fearen were not added until November 21, 2008.

Defendants argue that because Plaintiff did not name Defendants Kaufling, Haight,

4

Balthrop, Wilson, Ruoff, and Fearen until more than one year after his cause of action accrued, *i.e.*, more than one year after the search and arrest, the claims against these officers are time-barred.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although statutes of limitations and tolling principles are governed by state law, the question of when civil rights claims accrue remains one of federal law. *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Generally, a civil rights cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *Sevier*, 742 F.2d at 273. "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier*, 742 F.2d at 273.

Here, it is undisputed that the search occurred on June 28, 2007, and that Plaintiff knew about the injury stemming from the search on that date; the cause of action for the search therefore accrued on June 28, 2007. *See Price v. Philpot*, 420 F.3d 1158, 1163 (10th Cir. 2005); *Foryoh v. Hannah-Porter*, 428 F. Supp. 2d 816, 820 (N.D. Ill. 2006); *Triestman v. Probst*, 897 F. Supp. 48, 50 (N.D.N.Y. 1995). Plaintiff's § 1983 false arrest claims also accrued on June 28, 2007, when he was arrested. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007). Thus, the limitations period for the search-related and arrest claims expired one year later on June 28,

5

2008.

Plaintiff's original complaint was timely filed as to the claims relating to the search and seizure and arrest. Thus, if the amendments to add the new Defendants "relate back" to the original complaint, the statute of limitations is not a bar. However, the amendments to add the new Defendants do not relate back.

Rule 15(c) states in pertinent part:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> * * *
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, *but for a mistake* concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1) (emphasis added).

Plaintiff cannot satisfy Rule 15(c)(1)(C)'s second requirement that, "but for a mistake concerning the proper party's identity," the proposed new defendant knew or should have known that an action would have been brought against him. Fed. R. Civ. P. 15(c)(1)(C)(ii). Naming an unknown defendant is not a "mistake or misnomer," and a late-filed amendment to add him as a party cannot meet Rule 15's mistaken identity requirement. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996).

Because the amendments to the complaint do not relate back to the filing of the original complaint, the claims relating to the search and seizure and arrest against these Defendants are time-barred and must be dismissed.

*Failure to state a claim for malicious prosecution*

The malicious prosecution claims against Defendants Kaufling, Haight and Balthrop are not time-barred because the amended complaint against them was filed less than one-year after the charges against Plaintiff were dismissed. *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a claim of malicious prosecution does not accrue until the underlying conviction is invalidated, 512 U.S. at 489-90, and this holding was reaffirmed in *Wallace*. *Wallace*, 549 U.S. at 397. Nonetheless, those Defendants are entitled to have the malicious prosecution claims against them dismissed.

Defendants argue that Plaintiff has failed to state a claim for malicious prosecution under state law because he cannot show that the proceedings terminated in his favor since the criminal charges against him were dismissed in exchange for his guilty plea in another criminal case. They attach among other things to their motion a copy of an April 16, 2009, state court judgment of conviction of Plaintiff pursuant to Plaintiff's November 14, 2008, guilty plea to the charges in 06-CR-3366 (attachment 10) and the April 16, 2009, order of dismissal of case No. 07-CR-3324 against Plaintiff (attachment 12). Defendants also attach a copy of a memorandum submitted to the state court by Plaintiff's criminal attorney which stated that the indictment in No. 07-CR-3324 was being dismissed as part of the plea in No. 06-CR-3366.

In Kentucky, a plaintiff must establish six elements to prevail on a claim of malicious prosecution:

> (1) [T]he institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2) by, or at the instance, of the plaintiff, (3) *the termination of such proceedings in defendant's favor*, (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damage as a result of the proceeding.

*Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981) (emphasis added).

Thus, in *Broaddus v. Campbell*, 911 S.W.2d 281, 284 (Ky. Ct. App. 1995), it was determined that the dismissal was not the unilateral act of the prosecutor where the defendant gave up something to secure the dismissal of the charges. That court held that "it is settled that a dismissal by compromise of the accused is not a termination favorable to the accused." *Id.* Therefore, as in that case, Plaintiff does not state a state-law claim for malicious prosecution.

The Sixth Circuit has "recognized a § 1983 claim for malicious prosecution arising under the Fourth Amendment, but the contours of such a claim remain uncertain." *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007). However, the law is settled that "'where there is probable cause to prosecute, a § 1983 action for malicious prosecution will not lie.'" *Jolley v. Harvell*, 254 F. App'x 483, 490 (6th Cir. 2007) (quoting *McKinley v. City of Mansfield*, 404 F.3d 418, 444-45 (6th Cir. 2005)). A grand jury indictment "is prima facie evidence of probable cause." *Worley v. Columbia Gas of Ky.*, 491 F.2d 256, 263 (6th Cir. 1973) (quotation marks and citations omitted). Defendants have attached to their motion a copy of the grand jury indictment against Plaintiff (attachment 8). The grand jury's indictment of Plaintiff on October 10, 2007, establishes probable cause for the filing of charges against Plaintiff. Thus, any federal-law claim for malicious prosecution also fails.

## III. CONCLUSION

For the foregoing reasons, by separate Order, Defendants' motion to dismiss will be granted.

Date:


cc: Plaintiff, *pro se*
 Counsel of record
4411.009