UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SHY HEATH                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:08-CV-00248

WILLIAM BROWN, *et al.*                                                      DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on four motions: 1) a motion for summary judgment filed by Defendants Jeremy McGill, Nicholas Lilly, Derek Meeks, and Christy Thompson (DN 99); 2) a motion for summary judgment filed by Plaintiff Shy Heath (DN 106); 3) a motion by Heath to supplement his motion for summary judgment (DN 110); and 4) a motion by Heath to amend his motion for summary judgment (DN 112). For the reasons herein, the defendants' motion for summary judgment will be granted. Heath's motions to amend and supplement his motion for summary judgment will be granted, but his motion for summary judgment will be denied.

## BACKGROUND

As best the court can determine from the motion papers filed by the parties, the following facts are undisputed: on June 26, 2007, Heath, who was on probation, made a routine report to the probation office. At that time, Heath was given a drug test, the result of which was positive for cocaine. Two days later, on June 28, probation and parole officers went with members of the Louisville Metro Police Department ("LMPD") to Heath's reported home, where they found Heath and four other persons inside. Heath and the other four persons were searched. One of those persons was a convicted felon who was in possession of a large amount of crack cocaine.

Heath had a large amount of cash on him. The LMPD obtained a search warrant and executed it,

finding 2 scales with heavy cocaine residue on them and approximately $1800 in cash in small

bills. The LMPD arrested Heath and charged him with Trafficking in a Controlled Substance and

Possession of Drug Paraphernalia. Heath was indicted on those charges in case No. 07-CR-3324.

Additionally, on September 12, 2007, Heath had his probation revoked.

Heath filed a complaint in this court, which, as amended, brought claims against a host of

defendants in both their individual and official capacities. While the factual bases of Heath's

claims are not entirely clear, Heath alleged a conspiracy to violate, and violations of, the First,

Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution pursuant to 42 U.S.C. §

1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) as well as other claims for

malicious prosecution, fabrication of evidence, invasion of privacy, searching his residence with

a "bogus warrant," and false arrest and false imprisonment. In the course of this litigation, this

court has dismissed the claims against all but four defendants–McGill, Lilly, Meeks, and

Thompson. Those four defendants are all probation and parole officers. With respect to those

probation and parole defendants, this court has already dismissed any claims against them in

their official capacity. Thus, all that remains are claims against them in their individual capacity.

The probation and parole defendants now seek summary judgment on the remaining individual

capacity claims. Heath has cross-moved for summary judgment.

**ANALYSIS**

I. Summary Judgment Standards

To prevail on a motion for summary judgment, the movant must show that "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

- 2 -

law." FED. R. CIV. P. 56(a). A genuine issue of material fact arises when there is sufficient evidence on which the jury could reasonably find for the non-moving party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1985). The disputed issue need not be resolved conclusively in favor of the non-moving party, but that party must present sufficient probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-289 (1968). The evidence must be construed in the light most favorable to the non-moving party. *Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004).

## II. *Bivens* Claims

As an initial matter, Heath's claims against the defendants pursuant to *Bivens*, 403 U.S. 388, must be dismissed. A *Bivens* action may be maintained for alleged violations of constitutional rights by federal actors. *Yeager v. Gen. Motors Corp.*, 265 F.3d 389, 398 (6th Cir. 2001). However, the defendants here are state, rather than federal, employees. Thus, *Bivens* is inapplicable.

## III. Section 1983 Claims

### A. Qualified Immunity

"[G]overnment officials performing discretionary functions are shielded from civil liability unless their conduct violates clearly established constitutional rights." *Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir. 2011). In confronting claims of qualified immunity on summary judgment, courts must decide whether the facts, viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: 1) the defendant violated a constitutional right; and 2) the right was clearly established. *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223

(2009)). Thus, for instance, an officer conducting a search is entitled to qualified immunity where clearly established law does not show that the search violated the Fourth Amendment. *Pearson*, 555 U.S. at 243-244. In determining whether a right was clearly established, courts must determine "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Reynolds v. City of Anchorage*, 379 F.3d 358, 367 (6th Cir. 2004) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236.

*B. Conspiracy to Violate the Constitution*

Heath contends that the Probation and Parole defendants were involved in a conspiracy with other defendants to violate various of his constitutional rights. However, he has failed to provide any evidence of a plan or agreement between any of the defendants; that is fatal to his conspiracy claims. *See Heyne v. Metro. Nashville Pub. Schools*, 655 F.3d 556, 563-564 (6th Cir. 2011) (dismissing conspiracy to violate the constitution claim where the plaintiff did not plead a plan or agreement).

*C. First Amendment*

Under the First Amendment, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Goverment for a redress of grievances." U.S. CONST. amend. I. Heath's complaint and amended complaints fail to allege any facts stating a cognizable claim under the First Amendment.

- 4 -

*D. Fourth Amendment*

1. Search and Seizure

Heath claims that the defendants violated his Fourth and Fourteenth Amendment rights by entering his home, searching the people therein, and then arresting him. He alleges that the defendants did not have a warrant to enter his home or reasonable suspicion that he was engaged in criminal conduct.

The defendants respond by arguing that petitioner was a probationer and had recently failed a drug test, providing them with the requisite suspicion to enter Heath's home. In support, the defendants have supplied this court with three probation supervision reports which state the following: Heath tested positive for cocaine on June 26. On June 28, probation and parole officers and members of the LMPD went to Heath's reported home; inside, they found Heath and four other persons. One of those persons was a convicted felon who was in possession of a large amount of crack cocaine. Heath had a large amount of cash on him. The LMPD obtained a search warrant and executed it, finding 2 scales with heavy cocaine residue on them and approximately $1800 in cash in small bills. The LMPD arrested Heath and charged him with Trafficking in a Controlled Substance and Possession of Drug Paraphernalia. On September 12, 2007, Heath had his probation revoked. Heath does not deny the facts in those probation supervision reports, nor does he provide any evidence which call those facts into question.[1] He

---

[1] Heath does claim that the search warrant was "bogus." Specifically, he asserts that the search warrant established probably cause to search his residence based, in part, on various anonymous telephone tips to the police concerning criminal activity at Heath's residence. He further contends that those anonymous telephone tips were actually fraudulent calls made by a LMPD Detective in order to secure the requisite cause to search Heath's residence. As support for this theory, Heath proffers only his own opinion that the voice on the phone calls was Detective Brown's. For reasons explained in the main text–namely that even a warrantless search of Heath's
continue...

simply insists that the defendants did not have any right to enter his home, even given his failed drug test.

The probation and parole defendants are entitled to summary judgment on the Fourth Amendment claim against them. In *Griffin v. Wisconsin*, 483 U.S. 868 (1987), the Supreme Court upheld the constitutionality of a warrantless search of a probationer's home based on information received by a probation officer "that there were or might be guns in" the probationer's home." *Griffin*, 483 U.S. at 871. Wisconsin's probation regulations allowed probation officers to make warrantless searches of probationer's homes based on "reasonable grounds" to suspect the presence of contraband. *Id.* The Supreme Court found that the special needs of the probation system justified that regulation. *Griffin*, 483 U.S. at 875-876.

In analyzing the propriety of a search of a probationer or parolee under *Griffin* and its progeny, courts conduct a "two-pronged inquiry." *United States v. Loney*, 331 F.3d 516, 520 (6th Cir. 2003). First, a court must determine "whether the relevant regulation or statute pursuant to which the search was conducted satisfies the Fourth Amendment's reasonableness requirement." *Id.* If so, the court must "analyze whether the facts of the search itself satisfy the regulation or statute at issue." *Id.*

The relevant Kentucky search policy is Kentucky Corrections Policies and Procedures 27-16-01, *incorporated by reference in* 501 KY. ADMIN. REGS. 6:270 (2008), which provides that a probationer is subject to a personal search or a search of his residence where there is "reasonable suspicion that the performance of the search may produce evidence to support [an]

---

[1]...continue
residence did not violate clearly established constitutional law–Heath's contentions concerning the basis for the search warrant are irrelevant to the issue of whether the probation and parole defendants are liable for violating Heath's Fourth Amendment rights.

alleged violation" of the probationer's supervision conditions. Reviewing that same language, the Sixth Circuit has held that it is a valid policy under the Fourth Amendment. *United States v. Henry*, 429 F.3d 603, 609 (6th Cir. 2005).

Because the Kentucky search policy complies with the Fourth Amendment, we turn to the second step: whether the search here conformed to the policy. As mentioned above, the defendants have put forth evidence, which Heath does not dispute, showing that Heath had failed a drug test two days prior to the search at issue. The defendants have not put forth any further evidence justifying their initial entry into Heath's home or their initial search of Heath. However, the defendants' evidence does show that a search warrant was obtained by the police, who then executed it and found further evidence of drug dealing.

The defendants are entitled to summary judgment. The probation and parole officers were reasonable in believing that Heath's failed drug test provided the requisite reasonable suspicion to enter and search Heath's residence. After all, the positive test for cocaine provided the defendants with, at the very least, reasonable suspicion that Heath had violated his probation by using drugs. It was a logical inference for the officers that, if Heath had used drugs recently, he could have more in his home. *See United States v. Randle*, 639 F. Supp. 2d 560, 565 (E.D.Pa. 2009) (noting that "testing positive for cocaine clearly implies that a person might possess cocaine for future ingestion or distribution). It cannot be said that it would have been clear to a reasonable probation and parole officer that the entrance into, and search of, Heath's home on the basis of Heath's failed drug test was unlawful. *United States v. Rasberry*, 253 F. App'x 647, 647-648 (9th Cir. 2007) ("Because Rasberry's positive drug screen for marijuana gave his parole officer a reasonable belief that he had violated the narcotics condition of his parole, the search of

Rasberry's apartment violated no reasonable expectation of privacy."); *Randle*, 639 F. Supp. 2d at 565 ("Courts agree that when a probationer or parolee tests positive for using illegal drugs, this supports a reasonable suspicion to search his residence."); *see United States v. Becker*, 534 F.3d 952, 956 (8th Cir. 2008) ("In the context of a probationary search condition, reasonable suspicion that the probationer has violated the terms of his probation is sufficient to justify a search"). Thus, at the very least, the probation and parole defendants are entitled to summary judgment due to their qualified immunity.

Finally, to the extent Heath complains that the probation and parole officers who searched his residence were not the officer who had been assigned to supervise him, that makes no difference. The Kentucky Corrections Policies and Procedures do not require that a search of a  probationer be conducted by the probation and parole officer assigned to that probationer. Further, as the Sixth Circuit has noted, the Supreme Court has upheld a search of a probationer's property where the probation officer assigned to the probationer did not assist in the search. *See United States v. Davis*, 415 F. App'x 709, 712 (6th Cir. 2011) (citing *Griffin*, 483 U.S. 868).

2. Malicious Prosecution

The Sixth Circuit has "recognized a § 1983 claim for malicious prosecution arising under the Fourth Amendment." *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007). The "contours of such a claim remain uncertain." *Id.* Nevertheless, it is settled that "such a claim fails when there was probable cause to prosecute, or when the defendant did not make, influence, or participate in the decision to prosecute." *Id.* (quoting *McKinley v. City of Mansfield*, 404 F.3d 418, 444-445 (6th Cir. 2005)). Kentucky also recognizes claims for malicious prosecution. To prevail on a

claim of malicious prosecution under Kentucky law, a plaintiff must establish the following six elements:

> (1) the institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2) by, or at the instance, of the plaintiff, (3) the termination of such proceedings in defendant's favor, (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damage as a result of the proceeding.

*Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981).

Here, the probation and parole defendants contend that they had no involvement in the institution of criminal charges against Heath under Indictment Number 07-CR-3324. Heath puts forth no evidence that would show that the probation and parole defendants were involved in the institution of those criminal charges. Thus, summary judgment must be granted to the defendants on the malicious prosecution claim, whether it was made under state or federal law. Additionally, a grand jury indictment is "prima facie evidence of probable cause." *Worley v. Columbia Gas of Kentucky*, 491 F.2d 256, 263 (6th Cir. 1973) (quotation marks and citations omitted). It is undisputed that a grand jury indicted Heath, thus establishing probable cause for the filing of criminal charges against him. For that reason, too, Plaintiff's malicious prosecution claim fails under both state and federal law.

Moreover, while the probation reports attached to the defendants' motion for summary judgment show that the defendants–specifically McGill and Meeks–sought to have Heath's probation revoked, the probation reports also show that Heath's probation was, in fact, revoked. Thus, the proceedings did not terminate in Heath's favor, and Heath cannot establish the elements of malicious prosecution under Kentucky law with respect to the probation and parole defendants. Likewise, the fact that Heath's probation was revoked precludes any malicious

prosecution claim under federal law related to the revocation proceeding. The standard in a Kentucky probation revocation proceeding is a preponderance of the evidence, *Rasdon v. Commonwealth*, 701 S.W.2d 716, 719 (Ky. Ct. App. 1986), which is a higher standard than probable cause. Since there was probable cause for the probation revocation proceeding, the federal-law malicious prosecution claim fails.

*E. Fifth Amendment*

"The Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government." *Bybee v. City of Paducah*, 46 F. App'x 735, 737 (6th Cir. 2002) (citing *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977)). Because Heath is claiming constitutional violations by state officials, the Due Process Clause of the Fourteenth Amendment, not the Fifth Amendment, applies.

*F. Eighth Amendment*

Heath has failed to state a claim under the Eighth Amendment. "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977). At the time of the alleged conduct in the complaint, Heath had not been convicted and sentenced. Consequently, the Eighth Amendment is inapplicable. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-686 (6th Cir. 2001).

*G. Fourteenth Amendment*

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court found that a prosecutor's withholding of exculpatory evidence violated the Fourteenth Amendment's Due Process Clause.

In his cross-motion for summary judgment, Heath asserts, for the first time, a *Brady* claim against the probation and parole defendants. The allegedly exculpatory evidence that was withheld were telephone tips concerning narcotics at Heath's residence.

However, Heath never alleged any *Brady* claim against the probation and parole defendants in any of his complaints.[2] "A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *Suppacheewa v. Madisonville Cmty. Coll.*, 2010 WL 3981224, at *8 (W.D.Ky. Oct. 8, 2010);  *see Tucker v. Union of Neeedletrades, Indus., and Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005). Moreover, even in his summary judgment motion, Heath has not alleged any facts that would connect the probation and parole defendants to the supposed withholding of the allegedly exculpatory evidence. Thus, even had he properly alleged such a claim, the probation and parole defendants would be entitled to dismissal of that claim.

IV. Other Claims

*A. Invasion of Privacy*

Kentucky recognizes tort claims for invasion of privacy. *Rhodes v. Graham*, 37 S.W.2d 46, 47 (Ky. 1931). In *McCall v. Courier-Journal and Louisville Times Co.*, 623 S.W.2d 882, 887 (Ky. 1981), the Kentucky Supreme Court adopted section 652 of the Restatement (Second) of Torts. Pursuant to that section, a person's right to privacy is invaded by the unreasonable intrusion upon the seclusion of another, if the intrusion would be "highly offensive to a reasonable person." RESTATEMENT (SECOND) OF TORTS § 652A, 652B.

---

[2] Heath asserted a *Brady* claim in his complaint, but did not name the probation and parole officers as defendants.

- 11 -

The defendants are entitled to summary judgment, since, as explained above, they acted reasonably, and violated no clearly established constitutional principles, in searching Heath's home on the basis of Heath's probation violation. It cannot be said that the search of a probationer's home by probation officers after receiving clear evidence that the probationer violated probation is an "unreasonable intrusion" upon the probationer's seclusion, nor can it be said that the intrusion would be "highly offensive to a reasonable person."

Heath also appears to take issue with the fact that a prosecutor and the prosecutor's husband, who was a former prosecutor, were present when the LMPD executed the search warrant in Heath's residence. However, even assuming arguendo that the presence of those two persons during the execution of the search warrant invaded Heath's privacy, Heath has made no allegation that any of the probation and parole defendants were in some way responsible for their presence. Thus, any invasion of privacy claim against the probation and parole defendants predicated on the presence of persons other than probation and police officers during the search must be dismissed.

D. *False Arrest and False Imprisonment*

Heath asserts a claim against the probation and parole defendants for false arrest and imprisonment. The defendants assert that the LMPD, not the probation and parole defendants, arrested Heath; in support, they point to a "uniform citation" that was filled out by members of the LMPD concerning Heath's arrest. Because Heath points to no evidence to the contrary to show that it was the probation and parole defendants who arrested and imprisoned him, the defendants are entitled to summary judgment on that ground. Moreover, the undisputed evidence submitted to this court shows that Heath violated the terms of his probation by using drugs,

- 12 -

possessing drugs, and associating with a convicted felon. And, under Kentucky law and regulations, probation and parole officers, in conjunction with police officers, are empowered to make arrests for probation violations. KRS § 196.037(3); KRS § 431.005; Kentucky Corrections Policies and Procedures 27-21-01, *incorporated by reference in* 501 KY. ADMIN. REGS. 6:270 (2008). Thus, any claim for false arrest and false imprisonment must fail. *See Dunn v. Felty*, 226 S.W.3d 68, 71 (Ky. 2007) (noting that a law enforcement officer is not liable for false imprisonment if he or she "enjoys a privilege or immunity to detain an individual").

*E. Fabrication of Evidence*

Heath alleged a claim against probation and parole defendant Thompson for "Fabrication of evidence." However, Heath has not made any factual allegation concerning Thompson's alleged fabrication of evidence, nor is there any evidentiary support in the record for such a claim. Thus, that claim will be dismissed.

*F. "Bogus Warrant"*

Heath brings a claim for "entered residence[] with bogus warrant." Even presuming that such a claim exists, it would fail, for the probation and parole officers entered Heath's home without any warrant at all. It was only after they entered Heath's home that the police obtained a search warrant. And, as explained above, the probation and parole officers cannot be held liable even for the warrantless entry into Heath's home because of his status as a probationer and his failed drug test.

IV. The Remainder of Heath's Summary Judgment Motion

In his motion for summary judgment and his papers amending and supplementing the motion for summary judgment, Heath argues that he is entitled to summary judgment against not

only the probation and parole defendants, but all of the defendants on all of the claims. However, this court has previously dismissed Heath's complaint as to all but the four probation and parole defendants in their individual capacity. And, all of the claims with respect to the four probation and parole defendants in their individual capacity are dealt with above. Thus, Heath's summary judgment motion will be denied.

## CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment will be granted, and Heath's motion for summary judgment, as amended and supplemented, will be denied.

March 28, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

cc:  Plaintiff, pro se
     Counsel of Record

- 14 -